UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| QUENTIN STARKES,<br><br>       Plaintiff,<br><br>   -against-<br><br>RIKERS ISLAND CORRECTIONAL<br>FACILITY; THE COUNTY OF QUEENS,<br><br>       Defendants. | 1:19-CV-4017 (CM)<br><br>ORDER |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, who is currently held in the Westchester County Jail, brings this *pro se* action in

which he seeks damages. He sues "Rikers Island Correctional Facility" and the County of

Queens. He alleges that a New York City Correction Officer assaulted him while he was held in a

correctional facility on Rikers Island. The Court construes Plaintiff's complaint as asserting

claims under 42 U.S.C. § 1983 that the defendants violated his federal constitutional rights. For

the reasons discussed below, the Court directs Plaintiff to show cause within thirty days why the

Court should not dismiss this action as time-barred.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint, or portion thereof, when

the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates

dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally,

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims]

that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff alleges that in 2010, while he was held in a correctional facility on Rikers Island, a New York City Correction Officer assaulted him with a broomstick. He asserts that his medical treatment for the assault included his receiving seven staples in the center of his scalp. He also asserts that because of the assault, he has "suffered neck and back pain[] over the years[,] along with massive" migraine headaches. (ECF 2, p. 4.) He further alleges that because of the assault, he suffers from nightmares and posttraumatic stress disorder, he is afraid to sleep, and he "hear[s] voices." (*Id.* p. 3-4.) He seeks $850,000 in damages.

## DISCUSSION

Plaintiff's claims under 42 U.S.C. § 1983 may be time-barred. The statute of limitations for a claim under § 1983 is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)) (alterations in original). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5); *Okure*, 488 U.S. at 238-39, 251. Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *E.g.*, *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013) (citation omitted). For a § 1983 claim of assault, the applicable limitations period begins to run on the date of the assault. *See Chris H. v. New York*, No. 16-CV-6807, 2017 WL 2880848, at *4 (S.D.N.Y. July 5, 2017), *aff'd on other grounds*, 764 F. App'x 53 (2d Cir. 2019) (summary order).

Plaintiff alleges that the Correction Officer assaulted him on an unspecified date in 2010. Thus, under the applicable 3-year limitations period, Plaintiff had until a date in 2013 to file a timely § 1983 claim about the assault. But he did not file his complaint until on or about April

23, 2019, when he signed it before submitting it to his jail's mail system for its delivery to this Court.[1] Accordingly, the Court directs Plaintiff to show cause by declaration why the Court should not dismiss this action as time-barred. *See Abbas*, 480 F.3d at 640 (district courts should not dismiss a *pro se* action as time-barred without first giving the *pro se* plaintiff notice and an opportunity to be heard).

## CONCLUSION

The Court directs the Clerk of Court to assign this action to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

The Court directs Plaintiff to show cause by declaration why the Court should not dismiss this action as time-barred. Plaintiff must submit the declaration to this Court's Pro Se Intake Unit within thirty days of the date of this order and label the document with docket number 19-CV-4017 (CM). A declaration form is attached to this order. No summons will issue at this time. If Plaintiff does not show cause, or if he fails to respond to this order, the Court will dismiss this action for failure to state a claim upon which relief may be granted as time-barred. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

---

[1] The Court received Plaintiff's complaint on May 3, 2019.

The Court also directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   October 22, 2019
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge