UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUENTIN STARKES,

                         Plaintiff,

-against-

RIKERS ISLAND CORRECTIONAL
FACILITY; THE COUNTY OF QUEENS,

                        Defendants.

1:19-CV-4017 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

By order dated October 22, 2019, the Court directed Plaintiff, who appears *pro se*, within thirty days, to show cause why the Court should not dismiss this action as time-barred. That order specified that if Plaintiff did not show cause, or if he failed to respond to that order, the Court would dismiss this action.

On November 27, 2019, the Court received a declaration from Plaintiff, but it fails to show why the Court should not dismiss this action as time-barred. Accordingly, the Court dismisses this action. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ."); *Walters v. Indus. & Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007) (concluding that a district court can dismiss a *pro se* action *sua sponte* on limitations grounds after giving the plaintiff notice and an opportunity to be heard).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court denies Plaintiff's motion to appoint counsel as moot. (ECF 9.)

The Clerk of Court is also directed to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: December 13, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge